Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 550 - 1 | **DATE** | 10/24/2002 |
| **CASE TITLE** | U.S.A. vs. DeWoody | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Defendant's motion to suppress electronic communications is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| ✓ | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | OCT 2 5 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 33 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02 CR 550 |
| DOUGLAS DEWOODY, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Douglas DeWoody is charged with traveling across state lines for the purpose of engaging in sex with a minor. He moves to suppress electronic communications offered by the United States on the grounds that the government maliciously failed to record the initial contact between the defendant and a law enforcement officer posing as a victim. Because Mr. DeWoody has failed to make a prima facie showing of illegality, I deny the motion without hearing.

I.

On February 13, 2002, Detective Timothy Holder of the Palos Heights Police Department, using the screen name "VickiSue14," entered an internet chat room called "I Love Older Men." Mr. DeWoody was also visiting this chat room, using the screen name "Hot2trottttt." Detective Holder and Mr. DeWoody began a private conversation. Over the course of this and several subsequent conversations, Mr. DeWoody, a resident of Las Vegas, Nevada, began

DOCKETED OCT 25 2002

33

making explicit plans to visit "VickiSue14" in the Chicago area in order to initiate a sexual relationship. Mr. DeWoody also attached nude pictures of himself and pornographic images depicting underage children to his e-mails. Mr. DeWoody was arrested after checking into a hotel in Tinley Park, Illinois, where he had agreed to meet "VickiSue14." The belongings he brought with him to Illinois included fifty condoms, lubricant, a video camera, a Polaroid camera, a laptop containing child pornography, and a notebook listing the internet screen names, physical attributes, and younger siblings of some eighty other children.

II.

The dispute at hand arises from the fact that the initial portion of the first conversation between "VickieSue14" and "Hot2trottttt" was not recorded. The United States claims that this omission was due to a technical problem with the software used by the Palos Heights Police Department to record online chats. Mr. DeWoody asserts that the police either deliberately chose not to record the beginning of the conversation or later destroyed the recording of that portion of the transcript, which allegedly contained exculpatory evidence essential to an entrapment defense. Mr. DeWoody claims that because the government acted in bad faith to suppress evidence favorable to him, the entire electronic transcript must be excluded.

When moving to suppress evidence, the defendant bears the burden of making a prima facie showing of illegal action by the government in obtaining the evidence. *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992). Reliance on "vague, conclusory" allegations is not sufficient to meet this standard. *Id.* at 1212. But vague, conclusory allegations are exactly what Mr. DeWoody offers in his motion. He alleges that the missing portion of the disputed conversation contains exculpatory statements essential to his entrapment defense, but does not say what those statements are. Furthermore, he has not provided a supporting affidavit swearing to those facts he does allege. Other courts have denied, without hearing, motions to suppress on similar facts. *See, e.g., United States v. Mallard*, No. 93 CR 566, 1994 WL 22958, at *2 (N.D. Ill. Jan. 25, 1994) (Williams, J.); *United States v. Robinzine*, No. 93 CR 486, 1993 U.S. Dist. LEXIS 15297, at *7 (N.D. Ill. Oct. 22, 1993) (Plunkett, J.). Thus, the defendant has not met his burden of making a prima facie showing of illegal government action justifying suppression of relevant evidence.

The motion to suppress electronic communications is DENIED.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 24, 2002

3